IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BILLY RAY JOHNSON**                                                  **PLAINTIFF**

**V.**                      **CASE NO. 4:20-CV-942-JM-BD**

**ANDREW SAUL, Commissioner,**
**Social Security Administration**                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Johnson may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Johnson does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**  **Background:**

Pending before the Court is Plaintiff Billy Ray Johnson's complaint and addendum, in which he alleges that that the Social Security Administration is unlawfully garnishing his disability income to fulfill his child support obligations. (Doc. Nos. 1, 9)

According to the exhibits and court records,[1] Mr. Johnson has been ordered to pay child support by the Circuit Court of Miller County, Arkansas, and the District Court of Bowie, Texas. (Doc. No. 9 at p. 11, 13) *OCSE v. Billy R. Johnson*, 46DR-07-78, Complete Case File at 44–49, 79–83, 164–166 (Oct. 28, 2020).[2]

The State of Arkansas's Office of Child Support Enforcement (OCSE) initiated the Miller County case in February 2007. *OCSE v. Billy R. Johnson*, Case No. 46DR-07-78, Complete Case File at p. 3 (Oct. 28, 2020). OCSE sought to establish Mr. Johnson's child support obligation for his child, B.J., born in 2005. On several occasions, the state court ordered Mr. Johnson to pay retroactive and continuing child support. *Id.* at 44–49, 79–83, 164–166.

The Bowie County suit was brought by the Texas Attorney General's office in October 2009, seeking past-due child support for Mr. Johnson's child, K.D. *Office of Attorney General, Child Support Division v. Billy Ray Johnson*, Case No. 05S032-202, Case Filed (Oct. 14, 2009).[3] Judgment was entered against Mr. Johnson. *Id.*

On March 26, 2013, Billy Ray Johnson applied for social security disability benefits, alleging disability beginning March 25, 2013. (Doc. No. 1 at p. 25) After a

---

[1] The Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

[2] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

[3] Docket information is publicly available on the Bowie County District Clerk's homepage, http://www.co.bowie.tx.us/page/bowie.District.Clerk.

hearing before an administrative law judge (ALJ), Mr. Johnson was awarded benefits in January 2016. (Doc. No. 1 at pp. 16-26) Shortly thereafter, both the Arkansas OCSE and the Texas Attorney General's office notified the Social Security Administration of Mr. Johnson's court-ordered child support obligations; and the SSA began garnishing a portion of Mr. Johnson's disability payments to fulfill those obligations. (Doc. No. 1 at pp. 1–3, 32–34, 37, 48–50; Doc. No. 9 at pp. 3, 7–8)

Plaintiff Billy Ray Johnson now brings a complaint against the Commissioner of the Social Security Administration, claiming that the deductions are unlawful. In addition to money damages, Mr. Johnson asks the Court to terminate the Miller County garnishment order. (Doc. No. 1 at p. 3; Doc. No. 9 at p. 5)

The Commissioner has moved to dismiss the Complaint under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 17) Alternatively, the Commissioner seeks to have the complaint dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because this Court lacks jurisdiction to hear Mr. Johnson's claim, the motion to dismiss (Doc. No. 17) should be GRANTED. Mr. Johnson's pending motion to enforce default judgment[4] (Doc. No. 20) should be DENIED, as moot.

---

[4] This Court previously denied Mr. Johnson's motion for default judgment because, at the time of the filing, the Commissioner had yet to be served with process. (See Doc. Nos. 7, 8, 10–12) The Commissioner filed his motion to dismiss within the 60 days allowed under FED. R. CIV. P. 12. (See Doc. Nos. 10–12, 17)

### III.     Jurisdiction:

Federal court jurisdiction over social security matters is limited. Under the Social Security Act, the Court may review "any final decision of the Commissioner ... made after a hearing." *Mitchael v. Colvin*, 809 F.3d 1050, 1055 (8th Cir. 2016) (citing 42 U.S.C. § 405(g)). Or, under the federal mandamus statute, the Court may "consider challenges to the procedures used in administering Social Security benefits" *Mitchael*, 809 F.3d at 1054 (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766–67 (5th Cir. 2011)).

There is only one final decision of the Commissioner in the record—the favorable January 2016 ALJ opinion awarding Mr. Johnson disability benefits. Mr. Johnson does not challenge that decision, and the Court, accordingly, does not have jurisdiction under Section 405(g) of the Social Security Act.

Mr. Johnson also does not challenge the *procedure* used by the Social Security Administration in garnishing his benefits. Instead, he challenges the lawfulness of the garnishments themselves. Federal mandamus jurisdiction would only be appropriate if the Social Security Administration owed Mr. Johnson a ministerial duty with "a positive command so plainly prescribed as to be free from doubt." *Mitchael*, 809 F.3d at 1054. To the contrary, federal law expressly allows the Social Security Administration to garnish Mr. Johnson's disability income to fulfill his child-support obligations. 42 U.S.C. § 659(a); see *Knickerbocker v. Norman*, 938 F.2d 891 (8th Cir. 1991).  The Court, therefore, does not have federal mandamus jurisdiction.

To the extent Mr. Johnson is challenging the validly of the state courts' child-support orders, this Court declines to review those orders under the *Rooker-Feldman* doctrine. *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016) ("The *Rooker–Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions seeking review of, or relief from, state court judgments.") Further, absent issues of constitutional concern, federal courts should leave domestic relations matters to the purview of state courts.  *Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977).

Because Mr. Johnson's complaint should be dismissed for lack of jurisdiction, it is unnecessary to address the Commissioner's Rule 12(b)(6) argument that Mr. Johnson failed to state a claim upon which relief can be granted.

### IV.  Conclusion:

The Court recommends that Judge Moody GRANT the Commissioner's motion to dismiss (Doc. No. 17). Billy Ray Johnson's complaint (Doc. No. 1) should be DISMISSED, without prejudice, for lack of jurisdiction. Mr. Johnson's pending motion for default judgment (Doc. No. 20) should be DENIED, as moot.

DATED this 10th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE